IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD J. COLE, et al.,

      Plaintiffs,

  v.                                              Civil Action 2:20-cv-829
                                                    Magistrate Judge Jolson

CHRIS A. COVERSTONE, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Compel Limited Re-Deposition. (Doc. 49). For the reasons that follow, the Motion is **DENIED**.

**I.    BACKGROUND**

Elsewhere, the Court has described the allegations in this case. (*See* Doc. 19 at 2–4). Broadly speaking, this is a Fourth Amendment case arising from a November 2018 traffic stop in Tuscarawas County, Ohio. (*See generally* Doc. 24). Plaintiff Edward Cole alleges that Ohio State Highway Patrol Officer Defendant Chris Coverstone pulled him over for driving five miles over the speed limit, questioned him and his brother, Plaintiff Evan Cole, about illegal narcotics, and called for the K-9 unit. (*See id.*, ¶¶ 12–17).

Ohio State Highway Patrol Trooper Defendant Joseph Weeks then arrived in the K-9 cruiser, and the police dog allegedly "alerted" for narcotics. (*Id.*, ¶¶ 18–21). So Defendant Coverstone handcuffed Plaintiffs and transported them to an auto services garage in Eaton, Ohio. (*Id.*, ¶¶ 23–27). At the garage, Plaintiffs were handcuffed to office chairs, and Defendants searched the vehicle. (*See id.*). Ultimately, Defendants found nothing and released Plaintiffs and

the vehicle. (*Id*., ¶ 30). Plaintiffs now seek compensatory and punitive damages for Defendants' alleged unlawful search and seizure. (*Id*., ¶¶ 31, 33–40).

The parties are currently engaging in discovery, and Defendants deposed Plaintiff Edward Cole on December 8, 2020. (Doc. 49-1). Defendants assert that Plaintiff's counsel improperly instructed Plaintiff not to answer several questions, and they are entitled to re-depose Plaintiff as a result. (*See generally* Doc. 49). Specifically, they seek to re-depose Plaintiff about his criminal history and the Court of Claims action he filed against the Ohio State Highway Patrol for alleged damage to his vehicle. (*See generally* Doc. 49). Defendants' Motion is ripe for consideration. (*See* Docs. 49, 50).

**II.      STANDARD**

Three separate but related standards matter here—Rules 26, 30, and 37 of the Federal Rules of Civil Procedure. Defendants assert that Plaintiff's lawyer violated Rule 30(c)(2) by instructing Plaintiff not to answer certain questions. (*See generally* Doc. 49). Under that Rule, an attorney may instruct a deponent not to speak for only three reasons—"when necessary to preserve a privilege[;] enforce a limitation ordered by the court[;] or to present a motion to terminate or limit a deposition." *Pogue v. NorthWestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *11 (W.D. Ky. July 18, 2017) (citing Fed. R. Civ. P. 30(c)(2)).

If an attorney improperly instructs the deponent not to answer for some other reason, a party may move to compel under Rule 37 for a renewed deposition. *Jack v. S. Park Ventures LLC*, No. 2:16-CV-633, 2018 WL 4300846, at *2 (S.D. Ohio June 25, 2018) (citing Fed. R. Civ. P. 37(a)(3)(B)). The moving party, "bears the initial burden of proving that the information sought is relevant." *Furay v. Lvnv Funding, LLC*, No. 2:12-CV-1048, 2013 WL 12123867, at *1 (S.D. Ohio Aug. 5, 2013) (quotation marks and citation omitted).

Yet, even if the movant makes that showing, he is not automatically entitled to a reconvened deposition. Rather, the court will order another deposition if it is necessary for a "fair[] examin[ation]." Fed. R. Civ. P. 30(d)(3). Additionally, the court must consider: Whether the additional testimony is proportional to the needs of the case, considering the importance of the issues at stake in the action; the amount in controversy; the parties' relative access to relevant information; the parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 30(d)(1) (noting that the court should allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent).

### III. DISCUSSION

As noted, Defendants seek to re-depose Plaintiff about his criminal history and the Court of Claims action he brought against the Ohio State Highway Patrol. (*See generally* Doc. 49). The Court addresses the topics separately.

#### A. Criminal History

At his deposition, Plaintiff testified that he was arrested five years ago for driving while intoxicated. His lawyer then objected:

> Q. And, sir, have you ever been arrested or convicted of any felonies or misdemeanors?
> A. Misdemeanors.
> Q. Okay. Let's talk about that. You were arrested for a misdemeanor?
> A. Yes.
> Q. Okay. What—what was the–what was the charge?
> A. Driving while intoxicated.
> Mr. Fitrakis: Objection. Don't answer. Too remote in time. No evidence of any prior bad act, and prejudicial when weighed against probative value. Don't answer.
> Mr. Jamison: You're instructing the witness not to answer?
> Mr. Fitrakis: Correct.

(Doc. 49-1 at 18–19).

3

Importantly, however, Plaintiff's counsel did not object again when counsel broached the topic again. And Plaintiff freely answered questions about his previous arrest. For example, Plaintiff testified that officers found a bag containing cocaine residue in his vehicle. (*Id*. at 37). That, according to Plaintiff, is why Defendant Coverstone questioned him about cocaine:

> Q. . . . you said a couple times that [Coverstone] ran your license, maybe he ran your license, you think. Does that sound accurate?
> A. Yeah, I believe he ran my license when he was sitting next to me . . .
> Q. And why do you believe that?
> A. Because he – after running my license, I believe, he said that – that he was detaining me because someone had an incident with cocaine possession, and I told him that would have been me from five years previous, whatever, and that would – it was – there was – it was a package that had nothing in it, but that it was written down as possession of cocaine.
>
> * * *
>
> Q. . . . Now, turning back to your belief that he ran your license, could you please expound upon the – you were talking about a box and it supposedly had cocaine in it –
> A. No –
> Q. – but it was an empty box?
> A. No. What I said was it was a tiny, little crystalline bag, plastic bag. Tiny. And it had some residue at the bottom of it.
> Q. All right. And tell me about that incident. Was that somehow recorded somewhere?
> A. Well, that was during a – a DWI stop.
> Q. Okay. Okay. So when would that have occurred?
> A. That was five years previous.
>
> * * *
>
> Q. . . . Why do you believe you were arrested?
> A. I believe because when he ran my license, it came up and it said that – that I was in possession of cocaine, which was thrown out. I was never convicted of that, because there was residue at most.
> Q. Okay. And that is related to the OVI stop you were talking about previously?
> A. Yeah.

(*Id*. at 35:13–36:5; 36:24–37:15; 56:5–15).

4

Plaintiff's counsel violated Rule 30(c)(2) when he instructed Plaintiff not to answer, asserting lack of relevance and potential prejudice. *See Pogue*, 2017 WL 3044763, at *11 (noting that "[a]n attorney may instruct a deponent not to speak only when necessary to preserve a privilege, enforce a limitation ordered by the court, or to present a motion to terminate or limit a deposition"). But that does not mean Defendants are necessarily entitled to re-depose Plaintiff.

Rather, Defendants must first show the relevance of Plaintiff's additional testimony regarding his criminal history. *See Furay*, 2013 WL 12123867, at *1. Defendants assert that Plaintiff's criminal history is "a fairly routine area of inquiry in cases such as this." (Doc. 49 at 8). The Court agrees, but Plaintiff testified about his criminal history. And Defendants followed up with questions on the same. Defendants do not explain how any further testimony regarding Plaintiff's criminal history would be relevant. Indeed, they acknowledge that Plaintiff ultimately testified, uninterrupted, about his previous arrest. (*See* Doc. 49 at 8). Defendants simply seek to "ask follow up questions and explore the issue." (*Id.*). While the scope of discovery is broad, this general assertion, is not enough to reconvene Plaintiff's deposition. *See, e.g.*, *T.C on Behalf of S.C. v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, No. 3:17-CV-01098, 2018 WL 3348728, at *13 (M.D. Tenn. July 9, 2018) (finding counsel's instruction not to answer improper but denying request to reconvene deposition because information sought was irrelevant).

Moreover, even assuming that further questioning would result in some minimally relevant information, the Court will not order a second deposition unless it is necessary for Defendants "to fairly examine" Plaintiff. *See* Fed. R. Civ. P. 30(d)(1). It is not. As explained, Plaintiff testified about his previous arrest, including its circumstances and potential connection to the alleged events in this case. Defense counsel followed up with questions, including about drugs or residue found

5

at the scene. While Plaintiff's lawyer erred in his initial instruction, his instruction did not impede a fair examination because counsel later raised the issue without interruption.

This is especially so considering the relative importance of Plaintiff's criminal history to the issues in this case and the burden and expense of a second deposition. *See, e.g.*, *Baykeeper v. Union Pac. R.R. Co.*, No. C 06-02560 JSW (WDB), 2008 WL 11514927, at *1 (N.D. Cal. Aug. 12, 2008) ("admonish[ing]" lawyer for improperly instructing client not to answer but denying request for second deposition because "defense counsel [] failed to show that any of the deposition activity they move[d] to compel satisf[ied] the [Federal Rules'] proportionality requirements" as it "could bear only the remotest (if any) bearing on the dispute").

In sum, Defendants are not entitled to re-depose Plaintiff about his criminal history, and their Motion to Compel that testimony is **DENIED**.

**B. Court of Claims Action**

Next Defendants seek to re-depose Plaintiff to ask additional questions about his Court of Claims case against the Ohio State Highway Patrol for alleged damage to his vehicle. Defendants focused on this inquiry during Plaintiff's deposition because they assert, as an affirmative defense, that Plaintiff waived his claims in this case by failing to raise them as part of his property damage case in state court. (*See* Doc. 28, ¶ 24).

Twice while pursuing this line of questioning, defense counsel referred to Plaintiff's original complaint in this case, which references Defendants' alleged damage to his vehicle. (*See* Doc. 49-1 at 107:5–20; 114:9–115:10). Plaintiff's lawyer objected and instructed Plaintiff not to answer, asserting simply that the original complaint has since been "superseded" by the third amended complaint. (*See id.*). Again, this instruction violated Rule 30(c)(2). And while Plaintiff

6

relies on unconvincing, post-hoc arguments regarding work product protection, (*see* Doc. 50 at 7), his lawyer did not properly object on the basis of privilege.

Yet, as explained, the Court will not order Plaintiff to attend a second deposition on principle alone. Rather, Defendants must articulate the relevance of any additional testimony on the subject. *See Furay*, 2013 WL 12123867, at *1. The Court agrees Plaintiff's Court of Claims case is potentially relevant to Defendants' waiver defense. And Plaintiff testified at great length about that action. For example, Plaintiff testified that, upon realizing his vehicle's window had been broken during the search, Defendant Coverstone informed him he could contact the Court of Claims:

> A. Well, once we were unhandcuffed and he walked us out of the office over to our car, and we were told – I was given a piece of paper basically stating drive safely in Ohio. And he told me to check out the car and make sure there was no damage.
> Q. Okay.
> A. And then we were getting ready to leave, and then we realized that the window was broke. So then we, you know, had to stop, and then Coverstone took pictures, made comments, and eventually gave me a piece of paper telling me to contact Columbus Court of Claims, I believe and then we were allowed to leave.

(Doc. 49-1 at 85:24–86:12).

Defense counsel then read Plaintiff's claim for property damage into the record:

> Q. . . . Mr. Cole, I have through the share screen process pulled up the document, which is now marked as Exhibit E. It is the Court of Claims Ohio claim form. . . .
> Q. . . . I'm going to read that out loud. Please follow along with me, sir.
> A. Sure.
> Q. "Ohio State Police stopped, decided to search car at Fudge's . . . During search, they broke my passenger window, which sergeant," something I can't make that out. "Coverstone took pictures of my clock located in my dashboard and my radio no longer receives AM stations and back seat armrest. 2008 Mercedes Benz S500. PS, they put all my windows down to try and hide damage." Did I read that accurately, sir?
> A. Yes, you did. . . .

(*Id*. at 95:3–97:21).

7

This line of inquiry did not end there. Defense counsel proceeded to question Plaintiff further about his Court of Claims action, and Plaintiff answered without interruption:

> Q. . . . Would you agree with me, sir, that going back to paragraph 12, which says, "Describe in ordinary language the basis of the claim," there are no allegations in there about any arrests; is that correct?
> A. Yes. . . .
> Q. All right. And is there any particular reason why that is not included in this complaint?
> A. Because this is only for damages of the car. . . .
> Q. Okay. And so there's also nothing in there about handcuffing or anything like that, correct?
> A. Yes. Once again, this is . . . a claim form.
> Q. Okay. And moving to the last page . . . there is a receipt for $785.71. Am I correct about that?
> A. Yes.
> Q. Thank you. And that is what it costs to replace the front driver's side passenger window in the Mercedes, correct?
> A. Yes.
> * * *
>
> Q. . . . At the time you put this together, were you represented by counsel in any capacity for this claim? And by "this claim," I mean the current claim?
> A. I believe no.
> Q. Okay. Are you –because this was filed in October of 2019. So are you saying you – you didn't have counsel at that time – you had not retained your current counsel at that time or you are not certain you had counsel at that time?
> A. I don't believe I had counsel at that time. . . .
> Q. So, and is it fair to say then, sir, Mr. Cole, that you filed the claim in the Court of Claims seeking to recover the damages from your vehicle, and you did that by yourself, correct?
> A. Yes.
> * * *
>
> Q. . . . Regarding the Court of Claims case, I just want to see if we can agree on a few things. You filed a claim in the Ohio Court of Claims seeking to recover for the damage done to your car during the search of your vehicle; is that correct, sir?
> A. Yes.
> Q. Okay. And the – the claim involved both the damage to the window, and then there was documentation for that for the cost that it cost you to repair that, but there was no documentation for any additional damages that you – that you claimed on that; is that correct?
> A. Yes. Yes.
> Q. You were representing yourself in that case . . . is that correct?
> A. Yes. . . .

> Q. Okay. However, just to be clear . . . did you not consider the action filed in the Court of Claims to be a lawsuit?
> A. No.

(*Id*. at 98:2–99:4; 99:18–104:1; 111:12–118:18).

Given this fulsome testimony, Defendants do not assert that they were unable to ask Plaintiff questions about his Court of Claims action, nor do they explain how any additional testimony on the subject would lead to relevant discovery. Instead, Defendants lean on case law purportedly supporting their waiver argument and generally reiterate the relevance of Plaintiff's Court of Claims action. (*See generally* Doc. 49). But these legal arguments do not show how the information sought is relevant, and Defendants have failed to satisfy their burden as a result. *See Furay*, 2013 WL 12123867, at *1.

In sum, Plaintiff testified extensively about his Court of Claims case. While his lawyer should not have instructed him not to answer two questions referencing his original complaint, the improper instruction did not make a difference. Defendants fairly examined Plaintiff on this subject, and Defendants have not demonstrated the relevance of any additional testimony. Accordingly, Defendants' Motion to Compel this testimony is **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel (Doc. 49) is **DENIED**.

IT IS SO ORDERED.

Date: February 17, 2021              /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE