IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD J. COLE, et al.,

      Plaintiffs,

  v.                                       Civil Action 2:20-cv-829
                                           Magistrate Judge Jolson

CHRIS A. COVERSTONE, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Motion for Substitution of Plaintiff (Doc. 57). Because the deadline for responding to the Motion has passed, the Court treats the Motion as unopposed. For the reasons that follow, the Motion is **GRANTED**. Given this posture, the **STAY is lifted**, and the parties are **ORDERED** to file a status report by March 31, 2021.

    I.      BACKGROUND

Plaintiffs Edward J. Cole and Evan A. Cole bought this lawsuit under 42 U.S.C. §1983, alleging unlawful seizure and arrest. (*See generally* Docs. 1, 24). On February 23, 2021, defendants filed a suggestion of death of Plaintiff Evan A. Cole (Doc. 56). Kara M. Cole then contacted Plaintiffs' counsel, provided them with a copy of Evan A. Cole's death certificate, and informed them that she was appointed by the Maricopa County (Arizona) Superior Court as Personal Representative for the Estate of Evan A. Cole, deceased. (*See* Doc. 57 Exs. 1, 2). Ms. Cole also engaged counsel to file the present motion and serve as her trial attorneys in this case. As noted, Ms. Cole seeks to be substituted for Evan A. Cole. (Doc. 57).

## II.     DISCUSSION

Fed. R. Civ. P. 25(a) provides that "[i]a party dies and the claim is not extinguished, the court may order substitution of the proper party." This rule has two requirements: (1) the claim must not be extinguished by the party's death, and (2) the motion must be made within 90 days after the party's death was noticed on the record. *United States v. Atlas Lederer Co.*, 494 F.Supp.2d 649, 652 (S.D. Ohio 2007). To determine whether § 1983 claims survive the claimant's death, courts first look to federal law for an applicable rule of decision. *Robertson v. Wegmann*, 436 U.S. 584 (1978). If no suitable federal rule exists, Courts use the law of the forum state to the extent it is "not inconsistent with the Constitution and laws of the United States." *Id.* at 588.

No federal statute or rule addresses the survivorship of § 1983 claims. Yet, Ohio law—which this Court must next consider—provides that "[i]n addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto." Ohio Rev. Code §2305.21. Thus, causes of action for injuries to the person survive that person's death. The question, then, is whether §1983 claims are causes of action for injuries to the person.

The Supreme Court's decision *Wilson v. Garcia*, 471 U.S. 261 (1985), offers guidance in answering this question. At issue was how to characterize §1983 claims under a state statute of limitations. In answering the question, *Wilson* provided three useful guideposts. First, the characterization of §1983 as a cause of action is itself a question of federal law, which dictates the procedural rules to apply. *Id.* at 269–70. Second, all §1983 claims must be characterized in the same way. *Id.* at 271–75. And, third, §1983 actions are best characterized as personal injury actions. *Id.* at 280. With this guidance, the Sixth Circuit recently held that actions brought under

42 U.S.C. § 1983 are considered personal injury claims. *Crabbs v. Scott*, 800 F.3d 292, 295 (6th Cir. 2018). With that principle established, the Court found that such a claim can survive a plaintiff's death and allow for party substitution under Ohio law. *Id.*

Applied here, Evan A. Cole's §1983 claims survived his death. Moreover, Kara M. Cole has satisfied Rule 25's other requirements. Specifically, she is the court-appointed Personal Representative for the Estate of Evan A. Cole, deceased.

### III.     CONCLUSION

The Motion for Substitution of Plaintiff (Doc. 57) is **GRANTED**. Given this posture, the **STAY is lifted**, and the parties are **ORDERED** to file a status report by March 31, 2021.

IT IS SO ORDERED.


Date:   March 17, 2021                                   /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE